IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 24 HOUR FITNESS USA, INC. a California corporation dba 24 HOUR FITNESS,<br><br>    Petitioner,<br><br>vs.<br><br>BOB OMLIN,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER ON 24 HOUR FITNESS'S PETITION TO COMPEL ARBITRATION<br><br>Case No. 2:11-MC-1126 TS |

This matter is before the Court on 24 Hour Fitness USA, Inc.'s ("24 Hour") Petition to Compel Arbitration.[1] Bob Omlin ("Respondent") has not filed a response to 24 Hour's petition. For the reasons discussed more fully below, the Court will stay 24 Hour's petition pending related ongoing litigation in the Northern District of California ("N.D. Cal.").

I. BACKGROUND

This matter arises out of Respondent's original claim as a member of a decertified collective action for overtime pay due to an alleged misclassification of overtime work by 24 Hour that violated the Fair Labor Standards Act ("FLSA").[2] The employment agreement

---

[1] Docket No. 2.

[2] *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 1111, 1129 (N.D. Cal. 2011) (Respondent was an opt-in member of a decertified FLSA collective action that was filed in the N.D. Cal. Respondent, together with other 24 Hour employees, claimed that 24 Hour neither paid for hours worked in excess of 40 hours per week nor paid an overtime premium. The California court found that the perspective collective action members did not satisfy all of

1

between 24 Hour and Respondent has an arbitration clause that states that any employment dispute between 24 Hour and Respondent, aside from workers' compensation and unemployment claims, will be handled exclusively through arbitration.[3]  Although the arbitration agreement does not state a venue for the arbitration proceedings, 24 Hour seeks to compel arbitration in Utah.  To date, Respondent has not filed a response with the Court.  However, Respondent is seeking to compel arbitration in the N.D. Cal.[4]

In its petition, 24 Hour indicates that Respondent worked for 24 Hour until February 28, 2002, and that he last worked for 24 Hour in Sandy, Utah.  Additionally, 24 Hour asserts that Respondent is bound by 24 Hour Fitness's 2001 Arbitration Agreement.[5]  The 2001 Arbitration Agreement states that in the event of an employment dispute, an arbitrator would be selected "by mutual agreement of the parties" but does not specify a venue for the arbitration.[6]  24 Hour claims that evidence pertaining to Respondent's employment, such as relevant witnesses and documents, is likely to be located in the District of Utah because it is the last place of Respondent's employment with 24 Hour.[7]  As such, 24 Hour claims the most efficient place for the arbitration to take place is in the District of Utah.[8]

---

the necessary elements to be considered similarly situated and decertified the collective action class.).

[3] Docket No. 2, at 3 (quoting Hayward Decl. ¶ 7, Ex. C).

[4] *Id*. at 1; *Beauperhuy*, Case No. 06-715 SC (N.D. Cal.) Docket No. 432.

[5] Docket No. 2, at 3 (quoting Hayward Decl. ¶ 7, Ex. C).

[6] *Id.* at 8.

[7] *Id.*

[8] *Id.*

The issue surrounding the arbitration venue is also the subject of pending motions by both Respondent and 24 Hour in the N.D. Cal.[9] In the N.D. Cal., Respondent filed a Motion for Temporary Restraining Order/Preliminary Injunction to prevent 24 Hour from filing additional Petitions to Compel Arbitration—such as the instant Motion—throughout the country.[10] In addition to filing Petitions to Compel Arbitration in federal districts throughout the country, 24 Hour filed a Consolidated Motion to Transfer Venue in the N.D. Cal.[11] That Motion seeks to transfer Respondent's petition together with similar petitions filed in the N.D. Cal. to the district where the employee last worked for 24 Hour.[12] In sum, the parties have filed motions to compel arbitration in different federal districts alleging that the other party refuses to arbitrate.

In the related ongoing litigation in the N.D. Cal., The Honorable Judge Conti appointed a Special Master to consider all the pleadings previously on file as well as the briefs submitted by the parties.[13] The Special Master made several recommendations that affect the disposition of this case including: granting Respondent's Motion for Temporary Restraining Order/Preliminary Injunction to prevent 24 Hour from seeking to compel arbitration outside of the N.D. Cal.; granting Respondent's Motion to Compel Arbitration in the N.D. Cal.; and denying 24 Hour's Motion to Transfer Venue.[14]

To date, the Special Master's Recommendation is still pending in the N.D. Cal.

---

[9] *Beauperhuy*, Case No. 06-715 SC (N.D. Cal.) Docket. No. 463.

[10] *Id.* Docket. No. 508.

[11] *Id.* at 8.

[12] *Id.* Docket. No. 488.

[13] *Id.* Docket. No. 508, at 3.

[14] *Id.* at 2–3.

## II. DISCUSSION

In its petition, 24 Hour claims that it is entitled to have its Petition to Compel Arbitration granted by the Court under the Federal Arbitration Act ("FAA").[15] The Supreme Court has held that employment contracts are within the scope of the FAA.[16] As 24 Hour's petition points out, the Court has also stated that the intent of the FAA is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible" and that "questions of arbitrability . . . be addressed with a healthy regard for the federal policy favoring arbitration."[17] Although federal policy ordinarily favors arbitration, the issue in the present case is not whether the employment dispute is arbitrable but rather which venue is most appropriate for arbitration. The Court considers the favorability of arbitration and promoting judicial economy when deciding whether to grant 24 Hour's Petition under the given procedural posture.

### A.     LEGAL STANDARD

The Court has the power to grant a stay pending the result of the ongoing N.D. Cal. proceedings.[18] The Supreme Court has described the stay power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[19] The following factors are relevant when considering whether to grant a stay: (1) whether a stay would promote judicial economy;

---

[15] Docket No. 2, at 5.

[16] *Circuit City Stores v. Adam*, 532 U.S. 105, 113–14 (2001).

[17] Docket No. 2, at 6 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-25 (1983); accord, *Roberts v. Synergistic Int'l, L.L.C.*, 676 F. Supp. 2d 934, 946 (E.D. Cal. 2009)).

[18] *Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[19] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

(2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.[20]

B.  ANALYSIS

    1.  *Judicial Economy*

The issue before the Court will likely be determined by the N.D. Cal.'s ruling on Respondent and 24 Hour's pending motions. The N.D. Cal. will likely either compel arbitration in that district or it will transfer the cases to various federal districts, including the District of Utah, pursuant to 24 Hour's Motion to Transfer. Therefore, the Court finds that this factor weighs in favor of staying the case pending the ongoing litigation in the N.D. Cal.

    2.  *Confusion and Inconsistent Results*

Staying the case before the Court would avoid confusion and inconsistent results. If the N.D. Cal. grants Respondent's Motion to Compel Arbitration in that district and this Court prematurely grants 24 Hour's Petition to Compel Arbitration, then the two orders would be inconsistent. If the N.D. Cal. grants 24 Hour's Motion to Transfer and this Court denies 24 Hour's Petition to Compel Arbitration then the parties would be left wanting a venue for arbitration. If the Court stays the case, both of the above inconsistent scenarios will be avoided and it would ensure proper venue for arbitration. Therefore, the Court finds that this factor weighs in favor of staying the case.

    3.  *Prejudice*

The heart of the dispute is Respondent's claim against 24 Hour for an alleged FLSA violation. Thus, Respondent is in the most vulnerable position if arbitration proceedings are delayed. However, it is Respondent's desire that the arbitration proceedings take place in the

---

[20] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV-09-766-F, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

5

N.D. Cal.  If Respondent would like a faster path to resolution, Respondent could submit to arbitration in Utah.  Granting a stay would not create undue hardship by delaying arbitration and final resolution for the Respondent and 24 Hour any more than it is already being delayed in the N.D. Cal.  While it is recognized that 24 Hour may have a strong interest in resolving the FLSA claim, in a parallel case before the District of Kansas, 24 Hour has recommended staying the case pending the ongoing litigation.[21]  The Court can conclude that any delay in final resolution would not prejudice 24 Hour.  Therefore, the Court finds that this factor weighs in favor of staying the case.

## IV. CONCLUSION

Based on the forgoing, it is therefore

ORDERED that 24 Hour Fitness' Petition to Compel Arbitration is stayed pending the ruling on the Special Master's recommendation in the Northern District of California.  After such a ruling 24 Hour shall produce a report to the Court within 10 days summarizing how the ruling affects 24 Hour's Petition to Compel Arbitration.

DATED: June 19, 2012.

BY THE COURT:

TED STEWART
United States District Judge

---

[21] *24 Hour Fitness USA, Inc. v. Ramirez*, No. 2:12-cv-02038-SAC-KGS, 2012 WL 859725 (D. Kan. Mar. 13, 2012), Docket No. 17.